# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DEAN GALBRAITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-26-301-J |
| | ) |
| GARFIELD COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jason Dean Galbraith, an inmate at the Jim E. Hamilton Correctional Center ("JEHCC") in Hodgen, Oklahoma, proceeding pro se[1] and in forma pauperis, filed a complaint seeking relief under 42 U.S.C. § 1983. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. This Court has reviewed the complaint pursuant to 28 U.S.C. § 1915A(a). Based on that review, it is recommended that the Court dismiss, with prejudice, any claims against the Defendant Garfield County Jail, and in turn, dismiss the complaint.

---

[1] This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Screening.

Federal law requires this Court to screen complaints filed by parties proceeding in forma pauperis and prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (discussing *Iqbal* standard).

This Court construes a pro se litigant's pleadings liberally, but the Court does not excuse a pro se litigant from complying with the minimal pleading

demands "because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury." *Hall*, 935 F.2d at 1110; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). And the Court may not serve as Plaintiff's advocate by creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II.    Plaintiff fails to state a claim.

In his 22-page handwritten complaint, Plaintiff notes this is from his "2015 case just to show GFCS history & the fact they have not change[d]." Doc. 1, at 1.[3] So all the events in his "complaint" predate his 2015 case.

As Defendant, Plaintiff names the "Garfield County Jail, et al.," (the Jail) but he lists no other defendants apart from the Jail. *Id.* He has filed sixteen "Notices" and two "Supplements." *See* Docs. 7-9, 11, 13-16, 18, 21, 28, 31-32, 34-35, 37 (Notices) & 6, 12 (Supplements).

Some of Plaintiff's filings are over thirty pages. He has also filed two motions to produce. Docs. 6 & 33. In his motions and elsewhere, he suggests the Oklahoma Department of Corrections (DOC) is a defendant and that he is complaining about the conditions at the JEHCC. *See, e.g.,* Docs. 35 & 37.

---

[3]    Plaintiff appears to be referencing a § 1983 suit he filed in this Court against the Garfield County Jail on March 19, 2015. *See Galbraith v. Garfield Cnty. Jail,* No. 15-277-W, Doc. 1 (W.D. Okla. Mar. 19, 2015).

The Jail is not a suable entity for purposes of 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-1026 (10th Cir. 2007) (quotation omitted). Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. In Oklahoma, each organized county can sue and be sued. OKLA. STAT. tit. 19, § 1. However, a detention center in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. *See Ritchie v. Okla. Cnty. Detention Facility*, Case No. 15-1105-M, 2015 WL 7568470, at *1 (W.D. Okla. Oct. 22, 2015). Therefore, Defendant Garfield County Jail cannot be sued in this Court. *See Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970, at *3 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, because they "are not legally suable entities"); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. 2000) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 WL 1406592, at *2 (W.D. Okla. Mar. 7, 2018) ("Plaintiff brings § 1983 claims

against the DOC Administrative Review Authority and the LCF Grievance Review Authority. But these Defendants lack a separate entity and are not suable entities in a § 1983 action.") (collecting cases), *adopted,* 2018 WL 1403911 (W.D. Okla. Mar. 20, 2018).

The Court should dismiss the Complaint for failure to state a claim against a suable defendant.

And, to the extent Plaintiff intended to assert that that officers at JEHCC violated some of his civil rights, or that his claims against DOC involve injuries he suffered while housed at JEHCC, the Court reminds Plaintiff of the general venue principles found in 28 U.S.C. § 1391(B). Under that section, a civil action may be brought in a judicial district where any defendant resides, a district where a substantial part of the events giving rise to the claim occurred, or, if no district meets those criteria, a district in which a defendant is subject to the court's personal jurisdiction in the action.[4]

### III.   Rule 8 pleading requirements.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's

---

[4]    "Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. "Hodgen, which is in LeFlore County, lies within the jurisdiction of the United States District Court for the Eastern District of Oklahoma." *See Prochaska v. Higgins,* No. CIV-10-1385-F, Doc. 7 at 2 (W.D. Okla. Jan. 14, 2011), *adopted,* Doc. 8 (Feb. 17, 2011).

jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Should the Court adopt the undersigned's recommendation and allow Plaintiff to file an amended complaint, Plaintiff should consider these general points:

(i)    The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.

(ii)   The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when the alleged constitutional violations occurred.

(iii)  Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The

6

> *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'" (internal citation omitted) (quoting *Twombly,* 550 U.S. at 565 n.10)).

(iv)    Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(v)     Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi)    "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

## IV.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss Plaintiff's claims against Defendant Garfield County Jail with prejudice.[5] The undersigned further recommends that the Court consider allowing Plaintiff to amend his complaint to cure the identified deficiencies.

---

[5]    Adoption of this Report and Recommendation will moot Plaintiff's pending motions, Docs. 17, 19, 24, 27, 33 & 36.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 28, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE